

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 28, 1972

Honorable Robert E. Stewart
Banking Commissioner of Texas
John H. Reagan State Office Bldg.
Austin, Texas 78701

Opinion No. M-1089

Re: Legality of paying compen-
sation for the services of
the citizen member of the
State Banking Board, and
related questions.

Dear Mr. Stewart:

You have requested an opinion of this office as to whether the citizen member of the State Banking Board can be legally compensated for his services and, if so, from what source and for how much.

The State Banking Board, as established by Chapter I, Article 15 of the Banking Code of 1943, included the Banking Commissioner, the State Treasurer and the Attorney General. In 1963, Section 12 of Senate Bill No. 318 of the 58th Legislature substituted a citizen member for the Attorney General on the State Banking Board. The change deleted the Attorney General and inserted the following:

> "The State Banking Board shall consist of one
> (1) citizen of the state, appointed by the Governor
> with the advice and consent of the Senate, who
> shall serve for a term of two (2) years, . . ."

In 1971, the 62nd Legislature, by enactment of Senate Bill No. 1002, amended Chapter I, Article 15 of the Banking Code of 1943 to read, in part, as follows:

> "The State Banking Board shall consist of three
> (3) members, to wit: the Banking Commissioner,
> who shall serve as Chairman; the State Treasurer;
> and a citizen of this State, who shall represent
> the interests of the general public, and who shall
> be appointed by the Governor for a term of two
> (2) years with the advice and consent of the Senate."

Section 18 of the above mentioned Senate Bill No. 318 makes the following provision with respect to reimbursement of citizen members for their expenses in the performance of their duties as members of Boards and Commissions:

> "Sec. 18.  The citizen members replacing the Attorney General on the Boards and Commissions amended by this Act shall be reimbursed for their actual meals, lodging and incidental expenses when performing their duties as members of their respective Boards at all official meetings of the Board on the same basis as is provided for members of the Legislature serving on Boards, Councils, Committees or Commissions, provided, however, that the travel expenses herein provided shall not be paid but for fifteen (15) meetings of such Boards per year.  Each member shall make out under oath an itemized statement of the number of days engaged in attending official meetings of the Board and the amount of expenses when presenting same for payment. "  (Emphasis added)

The basis of expense reimbursement provided for members of the Legislature serving on Boards, Councils, Committees or Commissions referred to above was set out in Section 16 d, Exceptions to the Per Diem and Travel Allowances in the then current Appropriation Bill and was re-enacted by the 62nd Legislature as Section 15 c, Exceptions to Per Diem and Travel Allowance, to the now current Appropriation Bill and reads as follows:

> "c.  Members of the Legislature who serve on any board, council, committee or commission shall receive actual expenses for meals, lodging, and incidental expenses when traveling on official business inside and outside the State.  Claims for reimbursements of such expenses shall be presented on forms prescribed by the Comptroller.
>
> "When traveling on official business inside the State, such members of the Legislature shall be reimbursed for mileage on the same basis as

is provided in this Act for other State officials
and employees; and it is further provided that
the same mileage rates shall apply to necessary
travel to points within the State other than the
seat of government.  For necessary travel on
official business outside the State, such members
of the Legislature shall be reimbursed for the
actual cost of commercial transportation except
that such cost shall not include Federal taxes
from which such officials are exempt, or at the
same mileage rate as prescribed above in this
paragraph where a personally owned automobile
or airplane is used for such travel. "

The claim forms provided by the Comptroller's Office do not
provide for compensation for services but are limited to actual ex-
penses incurred.  The authority to pay such actual expenses for
travel, etc. of the citizen member, while engaged in the official
performance of duty under law, is a reasonable and necessary
incident to committee service and such expenses are distinguishable
in law from salary or compensation.  Attorney General Opinion
No.  C-528 (1965).

It is the opinion of this office that the citizen member of the
Banking Board can only receive actual expenses for meals, lodging,
and expenses when traveling on official business of the Banking Board
and may not be compensated for services rendered to the Board, there
being no statutory provision for the payment of compensation for such
member's services to the Board.  See Attorney General Opinion No.
C-127 (1963).  Since the first part of your question is answered in the
negative, the related question as to the source and amount of any such
compensation is not answered.

## SUMMARY

The citizen member of the State Banking Board
may not be compensated for services rendered by
him to the Board but may be compensated for
actual expenses for travel, meals, and lodging,
etc.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James Hackney
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
S. J. Aronson
Roland Allen
R. D. Green

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant